NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT M. PERLSTEIN, KATHLEEN PERLSTEIN and RICHARD DRESKIN, Trustee on behalf of the Robert M. and Kathleen Perlstein Irrevocable Trust[s], | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 07-cv-5782 (DMC) |
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, a corporation, |  |
| Defendant. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Transamerica Occidental Life Insurance Company ("Defendant") to dismiss Plaintiffs Robert M. Perlstein's, Kathleen Perlstein's and Richard Dreskin's, Trustee on behalf of the Robert M. and Kathleen Perlstein Irrevocable Trust, (collectively "Plaintiffs") Complaint for failure to state a claim upon which relief can be granted with prejudice pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. P. 12(b)(6) is **granted.**

I.    BACKGROUND

Plaintiffs Robert M. Perlstein and Kathleen Perlstein are husband and wife and the named

insured on life insurance policies and contracts, issued by Defendant. (Compl. ¶ 1.) Plaintiff Richard Dreskin is the trustee under a particular Robert M. Perlstein and Kathleen Perlstein Irrevocable Trust Agreement. (Compl. ¶ 3.) Plaintiffs allege that Defendant issued three policies in Plaintiffs' names as insureds. (Compl. ¶ 4.) Plaintiffs assert that they were provided with a vanishing premium life insurance illustration and told by Defendant, through its authorized agents and representatives, that any obligation to pay annual premiums would disappear at a specific point in time. (Compl. ¶ 7.) Plaintiffs allege that the aforesaid representations concerning their policies stated that payment and benefits were guaranteed. (Compl. ¶ 9.) Plaintiffs allege that they arranged for the acquisition of two of the policies with the understanding that they would not be responsible for any premiums after a certain date. (Compl. ¶ 11.)

Plaintiffs allege that during contact with Defendant's operational staff, they came to learn that the assumed rate of return was unrealistically high and/or was not properly disclosed to them, and their vanishing life insurance premiums did not and would not vanish as Defendant had represented. (Compl. ¶ 10.) Plaintiffs assert that the interest rates have changed substantially, and such substantial changes in interest and dividend rates have resulted in a significant increase in the amount of out-of-pocket premiums necessary for Plaintiffs to reach the point where the premiums actually vanish in addition to the amounts represented at the time the policies were sold. (Compl. ¶ 11-13.) Plaintiffs further allege that illustrations and representations made by Defendant misled Plaintiffs into believing that the proposed vanishing year was based upon Defendant's current dividend scale. (Compl. ¶ 12.) Plaintiffs claim that they were never provided with adequate or proper disclosure regarding their particular dividend at any time during their ownership of these policies. (Compl. ¶ 12.)

Plaintiffs assert that Defendant's actions constitute fraudulent acts or omissions under the New Jersey Consumer Fraud Act. (Compl. ¶ 23.) Plaintiffs claim they are entitled to relief under this Act by alleging that the insurance products at issue are covered by the Act and Plaintiffs have been harmed by the purported unlawful practices. (Compl. ¶ 21-22.) Plaintiffs also allege that Defendant has breached the terms and conditions of the policies at issue, in addition to breaching the covenant of good faith and fair dealing. (Compl. ¶ 26, 31.) Plaintiffs assert a claim of negligence and negligent misrepresentation as well. Plaintiffs assert that Defendant failed to exercise the skill and competency compatible with its duties as a licensed insurance carrier and that Defendant negligently misrepresented to Plaintiffs the true nature of the insurance policies. (Compl. ¶ 35-36.) Lastly, Plaintiffs allege that Defendant's acceptance and continued retention of annual and lump sum premium payments was without justification and constitutes a claim of unjust enrichment entitling Plaintiffs to recovery from Defendant *in quantum meriut* or quasi contract. (Compl. ¶ 38.)

Finally, Plaintiffs address the judgment and release of the related class action settlement entitled Natal v. Transamerica Occidental Life Ins. Co., San Diego Super. Ct. No. 694289 (1997). Plaintiffs allege that, in response to a letter from Plaintiffs' counsel to Defendant, Plaintiffs were, for the first time, made aware of this judgment purportedly resolving all claims concerning representations made in connection with the sale of certain life insurance policies issued by Defendant between 1981 and 1996. (Compl. ¶ 40.) Plaintiffs were further made aware of the fact that the claims released in the Natal judgment were claims relating to the policies sold to Plaintiffs. (Compl. ¶ 40.) Plaintiffs, however, assert that their claims should not be barred by this settlement because Plaintiffs never received adequate notice of any deadline to participate in the action or of the Natal class action itself. (Compl. ¶ 48.) Plaintiffs claim that such notice was never received,

thereby explaining why Defendant could not produce a copy of the actual notice sent or the election form which was allegedly mailed with same. (Compl. ¶ 48-50.) Plaintiffs seek declaratory judgment and further relief in the form of a final and binding judgment declaring that Plaintiffs are not bound by the <u>Natal</u> judgment or any result of that action and that they are entitled to file a Complaint for the relief mentioned above.  (Compl. 19.)


II.     STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  <u>See</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975); <u>Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.</u>, 140 F.3d 478, 483 (3d Cir.1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).  In <u>Bell Atlantic Corporation v. Twombly</u> the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in <u>Conley v. Gibson</u>, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." <u>Id.</u> at 1968 (citing <u>Conley</u>, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u> at 1965.

Pursuant to FED. R. CIV. P. 12(b)(6), relief cannot be granted against Defendant because Plaintiffs' Complaint is barred by *res judicata*.  Defendant's motion to dismiss Plaintiffs' Complaint

is **granted**.


### III.   DISCUSSION

Plaintiffs assert that full faith and credit cannot be given to the Natal judgment, as a bar to their request for declaratory relief, because Plaintiffs failed to receive adequate notice and, thus, such enforcement would result in a lack of due process.  Plaintiffs also allege that they have had no contact with the State of California, County of San Diego, the jurisdiction in which the judgment was decided.

Article IV § 1 of the United States Constitution states that "Full Faith and Credit shall be given in each state to the public Acts, Records, and judicial Proceedings of every other state."  See also 28 U.S.C. § 1738.  A judgment is entitled to full faith and credit when issues of subject matter jurisdiction have been fully and fairly litigated and finally decided.  See Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 707 (1982).  In the current case, the Natal judgment demonstrates, on its face, that the Natal Court fully and fairly considered and decided the jurisdictional issue.  See Natal judgment at 39.

The application of this Act is not affected by the mere fact that the judgment at issue is a class action.  "A judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit under the express terms of the Act."  Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 374 (1996).  Further, personal jurisdiction is not required because a class or representative suit is an exception to the rule that a person may not be bound by a judgment *in personam* in litigation in which he is not made or designated as a party.  See Hansberry v. Lee, 311 U.S. 32 (1940).  Therefore, a state may exert jurisdiction over the claim

of an absent class-action plaintiff, even though that plaintiff may not possess such minimum contacts with the state necessary to sustain personal jurisdiction over a defendant.  See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811 (1985).

In order for a judgment to be binding over an absent class action plaintiff, the plaintiff must receive "notice plus an opportunity to be heard and participate in the litigation."  Id. at 812. Plaintiffs allege that notice was inadequate because Plaintiffs never received actual notice of the settlement or the Natal judgment.  The requirement of notice, however, need not entail actual notice for every class member.  See Dusenbery v. United States, 534 U.S. 161, 170-71 (2009). "The notice must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In assessing the adequacy of notice, courts consider "both the notice's mode of dissemination and its content." In re Prudential Ins. Co. of Am. Sales Practices Litig., 177 F.R.D. 216, 231 (D.N.J. 1997).  The Court of Appeals for the Third Circuit in Prudential held that Prudential's notice program of mailing individual notices of the class action settlement to more than eight million present and former policy holders, publishing notices in several national newspapers and the largest newspaper in each of the fifty states and providing a toll-free number for concerns "far exceeded the requirements of Rule 23 and due process."  In re Prudential Ins. Co. of Am. Sales Practices Litig., 232 Fed. Appx. 161 (3d Cir. 2007).  Similarly, here, the program implemented by Defendant was equally exhaustive.  Defendant provided individual notice in two separate mailings, nationwide publication and a toll free telephone information hotline.  Further, the Natal Court decided over ten years ago that such notice was, in fact, adequate. See Natal Judgment at 32-36.  Thus, the notice

given to Plaintiffs was the best practicable in affording notice and opportunity.  Since the notice provided Plaintiffs was sufficient, Plaintiffs' claim that they are not bound by the <u>Natal</u> judgment because they were not afforded sufficient notice fails.

Because adequate notice was provided regarding the <u>Natal</u> judgment and settlement, the issue of *res judicata* must then be considered.  The doctrine of *res judicata* acts to bar a lawsuit when the issue adjudicated in the prior proceeding is identical to the current issue, when there is a final judgment on the merits and when the party against whom the plea is asserted was a party or in privity with a party in the prior adjudication.  <u>See Blonder Tongue Lab., Inc. v. Univ. of Ill. Found.</u>, 402 U.S. 313, 323-24 (1971).  *Res judicata* applies to class actions in that "a judgment rendered in a class action is *res judicata* as to members of the class who are not formal parties to the suit."  <u>Hansberry v. Lee</u>, 311 U.S. 32, 42 (1940).

In considering whether the doctrine of *res judicata* applies, this court looks to California law.  "Full faith and credit thus generally requires every State to give to a judgement at least the *res judicata* effect which the judgment would be accorded in the State which rendered it."  <u>See Durfee v. Duke</u>, 375 U.S. 106, 109 (1963).  "Federal Courts may not 'employ their own rules...in determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken."  <u>Matsushita</u>, 56 U.S. 373.  Under the law of the State of California, the state in which the settlement and judgment were rendered,  the doctrine of *res judicata* can be invoked when: "1) the issues decided in the prior adjudication are identical with those presented in the later action; 2) there was a final judgments on the merits in the prior action; and 3) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication."  <u>Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n</u>, 60 Cal. App. 4th 1053, 1065 (1998).

7

In the current case, the elements of the doctrine of *res judicata* under California law are satisfied.  First, the issues which were decided in the <u>Natal</u> judgment are the same issues being contested here, namely alleged misrepresentations of the duration of premium payments through policy illustrations, the non-guaranteed and allegedly misleading nature of illustrated interest rates and rates of return, and the appropriateness of the policies as bona fide investment plans.  <u>See</u> Compl. ¶¶ 6-14; <u>see</u> <u>also</u> <u>Natal</u> Judgment at 76-78.  Moreover, the <u>Natal</u> Court entered a Final Judgment on the merits in connection with the Settlement Order.  The Court specifically stated that "the terms of the Settlement Agreement and of this Final Order and Judgment...shall be forever binding on, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by plaintiffs and all other Class Members..."  <u>See</u> <u>Natal</u> Judgment at 75, ¶ 7.  Lastly, Plaintiffs were parties for *res judicata* purposes because they were absent class members under the <u>Natal</u> class action.  The judgment defines members of the specified class as persons containing an ownership interest in Transamerica Universal Life Insurance policies between the years 1981 and 1996, the period in which Plaintiffs possessed an interest in such policies.

Further, the doctrine of *res judicata* is an appropriate basis for a Rule 12(b)(6) dismissal when it is clear from the face of the complaint that a plaintiff's claims are barred as a matter of law.  <u>See</u> <u>Bethel v. Jendoco Constr. Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978).  Here, it is clear from the face of the complaint that the <u>Natal</u> settlement and judgment precludes the adjudication of further claims relating to the settlement from members of the specified class, purchasers of Transamerica Universal Life Insurance policies between the years 1981 and 1996.

In their complaint, Plaintiffs do not dispute that they fit this criteria, but they contend that they are not bound to the settlement because they did not receive proper notice and the California Court

lacked jurisdiction.  This Court, however, finds that Plaintiffs did, in fact, receive proper notice and the judgment is entitled to full faith and credit.  Plaintiffs rely significantly upon the Natal judgment in their complaint in that they are seeking relief in the form of a declaration stating that they are not bound by the judgment.  Moreover, in addition to Plaintiffs' own reliance, a court may take judicial notice of the record from a previous court proceeding for a Rule 12(b)(6) motion to dismiss.  See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 (3d Cir. 1988).  Thus, this Court may consider the Natal judgment as integral to the Complaint.

Plaintiffs assert that the Natal judgment should not be given preclusive effect because certification of a nationwide settlement class violates Third Circuit precedent and New Jersey law and is unconstitutional.  (Pl.'s Br. pp. 4-7).  The fact that the judgment concerns a settlement proceeding does not diminish the preclusive effect and is not contrary to Third Circuit or New Jersey law.  In Anchem Prods. v. Windsor, the United States Supreme Court states that "a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."  Anchem Prods. v. Windsor, 521 U.S. 591, 620 (1997).  The Court held that, instead, the specifications of Fed. R. Civ. P. 23 are designed to preclude overbroad class definitions "demand undiluted, even heightened attention int the settlement context."  Id.  Further, Plaintiffs' argument that a settlement class action is unconstitutional is weak at best.  Plaintiffs themselves admit that the Anchem opinion never reached this question.

Ultimately, the Natal judgment is to be given full faith and credit, and, thus, the doctrine of res judicata applies favoring a motion to dismiss for failure to state a claim upon which relief may be granted.

**IV.**   **CONCLUSION**

      Based on the foregoing, Defendant's motion to dismiss Plaintiffs' Complaint is **granted**.

An appropriate Order accompanies this Opinion.


                                   S/   Dennis M.Cavanaugh
                                 Dennis M. Cavanaugh, U.S.D.J.

Date:   July   16  ,  2008
Orig:   Clerk's Office
cc:      Counsel of Record
         The Honorable Mark Falk, U.S.M.J.
         File